IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-00-5371 REC |
| | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION FOR A NEW TRIAL AND |
| Plaintiff, | ) | DIRECTING CLERK OF COURT TO |
| | ) | SERVE COPY OF ORDER ON |
| vs. | ) | DEFENDANT AT ADDRESS LISTED |
| | ) | HEREIN AS WELL AS APPELLATE |
| | ) | COUNSEL FOR DEFENDANT |
| THOMAS HAGBERG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

On May 6, 2005, defendant, proceeding in pro per, filed a Motion for a New Trial, contending:

> Defendant has obtained new evidence which I can use to attack the credibility of the following witnesses: John Gallagher, Franklin Jones, Midori Howe, Phillip Silva, and Dave Trevino.

Defendant requests that the court "issue an order moving me to the Fresno County Jail where I can prepare for trial." This is the entire extent of defendant's motion.

Defendant, who represented himself in the criminal proceedings in this court, was convicted on April 23, 2003 of

1

four counts of mailing threatening communications in violation of 18 U.S.C. § 876. Defendant was sentenced on July 21, 2003 to 46 months incarceration. Defendant's conviction and sentence are presently pending on appeal before the Ninth Circuit. Defendant is represented by counsel on appeal.[1]

Rule 33(b)(1), Federal Rules of Criminal Procedure, provides in pertinent part:

> Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

As explained in Wright, King & Klein, 3 <u>Federal Practice and Procedure</u>, § 557, pp. 569-570 (2004):

> Although the district court may deny the motion, it has no authority to grant a new trial once the notice of appeal has been filed. It may, however, hear the motion, and certify that it is inclined to grant it. The appellate court, if it is advised of the pendency of such a motion in the trial court, may hold decision of the appeal in abeyance until the district court has either denied the motion or indicated its intention to grant it. If the trial court does indicate that it is inclined to grant the motion, the appellate court will ordinarily remand the case to the trial court for that purpose, and for the new trial, without passing on the merits of the new trial motion.

Defendant's motion for a new trial is denied. To obtain a new trial based on newly discovered evidence, a defendant must

---

[1] Although defendant is represented by counsel on appeal, the court will consider the instant motion because defendant represented himself in proceedings before this court.

2

show that

> (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal.

United States v. Sarno, 73 F.3d 1470, 1507 (9th Cir. 1995)(quoting United States v. Sitton, 968 F.2d 947, 959-960 (9th Cir. 1992), cert. denied, 507 U.S. 929 (1993).  Here, defendant makes no showing that he satisfies these factors.  In fact, given defendant's assertion that the evidence attacks the credibility of government witnesses, it is apparent that the evidence is impeaching and cannot form the basis for a new trial under the factors set forth above.

ACCORDINGLY:

(1) Defendant's Motion for a New Trial is denied;

(2) In addition to serving defendant's appellate counsel, the Clerk of the Court is directed to mail a copy of this Order to defendant at the following address:

> Thomas Hagberg
> 60955-097
> P.O. Box 4000
> Springfield, Missouri 65801-4000

IT IS SO ORDERED.

**Dated: May 9, 2005**               **/s/ Robert E. Coyle**
668554                                UNITED STATES DISTRICT JUDGE

3